## Manville v. McCoy.

Where a mechanic undertakes to do a job of work for a specific sum, within a time appointed by contract, and, having done a part, fails to complete the rest within the time appointed, by reason of which the employer is compelled to hire another to complete it, the employer has the right, if the hire of the mechanic last employed exceeds the price agreed upon by the contract for the same work, to deduct such excess from the amount due, according to the contract price, to the first mechanic, for the work actually done by him.

The employer has also the right, if the work done under the contract was executed in an unworkmanlike manner, to have the amount which it was worth less than if done in a workmanlike manner, deducted from the contract price for the same work.

The employer has also a right, upon suit brought by the first mechanic for the work done by him, to show (at least, if he has pleaded or given notice of the defense,) other special damages which he has sustained by the plaintiff's breach of the contract.

If the work has been done in an unworkmanlike manner, but no damages have resulted from its non-completion at the time appointed, and the expense of finishing it has not exceeded the contract price for the same work, the plaintiff should recover the reasonable value of the work done by him, according to its quality, not exceeding the contract price for the same.

If an employer, upon his own judgment, furnishes a mechanic defective materials for a job, and directs them to be used at all events, he cannot afterwards object that the work, on account of the defectiveness of the materials, is of an inferior quality.

*Tuesday,
December 2.*

ERROR to the *Jefferson* Circuit Court.

Perkins, J.—*McCoy* sued *Manville* before a justice of the peace, on the following account:

" *Butler Manville* to *William McCoy*,     Dr.

" For plastering 700 yards for the defendant by the plaintiff upon the defendant's brick dwelling-house in *Milton* township, *Jefferson* county, *Indiana*, in the fall of the year 1848; said work including lathing, but not materials, and being worth per yard 12½ cents, which will make the damages hereby demanded $87 50."

The cause went by appeal to the Circuit Court, was there tried by a jury upon the general issue, and the plaintiff obtained a verdict for a fraction over 25 dollars. A motion for a new trial being overruled, judgment was entered on the verdict. The evidence and instructions are upon the record. The evidence tends to establish that the plastering sued for was done under a special contract, by which *McCoy* was to plaster *Manville's* house at a certain price per yard, and within a certain time; that he failed to complete the work within the time; that *Manville* procured another person to complete it; and that the part performed by *McCoy* was not done in a workmanlike manner; but no amount of damage accruing to *Manville* from *McCoy's* failure to complete the work in time is shown, nor does it appear that *Manville* paid any higher price for the completion of the job than he had agreed to pay *McCoy* for the same work.

The Court instructed the jury that " if they found there was a special contract between the parties, by which *McCoy* agreed to plaster *Manville's* house upon certain terms, and within a specified, or a reasonable time, and in a workmanlike manner, to be paid for on the completion of the job; and that, after part performance, *McCoy* failed or refused to perform the balance within the time, or in the manner agreed upon, without any fault or default of *Manville*, and the work done, or part performance, was of such a nature that *Manville* was necessarily compelled to accept it, *McCoy* is not entitled to recover for the work done; but if the work done was of such a nature that *Manville* could accept or reject it at his option, and he chose to accept it, *McCoy* is entitled to recover for the reasonable value of the work."

What we have said in *Epperly* v. *Bailey*, at this term, shows that *Manville*, the defendant below, has no ground to complain of these instructions. He had a right, in the Circuit Court, in defending this suit, to show the amount he was to pay *McCoy* for plastering the whole house, (taking it that there was a special contract); to show that *McCoy* failed to perform the whole ; and then to show how much he had been compelled to pay another to finish *McCoy's* job. This amount (supposing *McCoy's* failure to have been his own fault,) *Manville* had a right to have deducted from the whole amount he was to pay *McCoy*, if it exceeded the price he was to pay him for the same work. If it did not exceed, he would not be bound to adopt this mode in determining the amount *McCoy* was to recover. He then had a right to show how much the part performed by *McCoy* was worth less than the contract price on account of its not having been done in the manner required by the contract, and have such sum deducted from the amount that the latter would have recovered for performing such part at the contract price. He also had a right, at least, by pleading or giving notice of such a defense, to show the damage he had sustained by *McCoy's* breach of contract, and have its amount deducted from his claim. But as *Manville* did not prove that he had paid, for finishing the job, more than his contract price for the same portion of the work with *McCoy*, and did not prove any amount of damage resulting from his failure to complete the work at the time stipulated, it only remained for the jury to give the plaintiff in this case the reasonable worth, according to its quality, of the work performed by him. Hence, *Manville* cannot complain of the instructions given.

Upon the evidence, conflicting as it is, we cannot disturb the judgment below.

This principle is laid down by the attorney for the plaintiff in error, viz : that where a mechanic undertakes to do a job of work, the proprietor furnishing the materials, he is bound to make a good job or get no pay, even though the materials be of so inferior a description that good

work cannot be made out of them; because, he argues, it is the mechanic's own fault if he uses such materials. He objects to an instruction of the Court in this case that conflicts with this principle.

We think the doctrine contended for, as a general proposition, is not correct; though it may be in some cases. If the proprietor furnished the materials under the direction, and upon the judgment of, the mechanic, and the work completed from them was, on the whole, of no advantage to him, perhaps the mechanic should receive no pay, because it would be his own fault that he used poor materials. But if the proprietor did not so furnish them, but did it upon his own judgment, and directed the mechanic to use them at all events, it would not be the fault of the latter, if, from bad materials, the work, when done, was of an inferior quality. In this case, it is not shown that the materials were used upon the judgment of the plasterer, and there is some evidence tending to show the contrary.

We see no error in this case (1).

*Per Curiam.*—The judgment is affirmed, with 2 *per cent.* damages and costs.

*J. W. Chapman*, for the plaintiff.

*J. R. Troxell*, for the defendant.

(1) See *McKinney* v. *Springer, ante,* p. 59.—*Epperly* v. *Bailey, ante,* p. 72.—*Heaston* v. *Colgrove, post.*